**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NO.:

ROBIN VELEZ,

    Plaintiff,

vs.

JC MACHINE WORKS, CORP, a Florida Profit
Corporation D/B/A JC MACHINE SHOP

    Defendant
_____/

## COMPLAINT

Plaintiff ROBIN VELEZ, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendant JC MACHINE WORKS, CORP, a Florida profit corporation D/B/A JC MACHINE SHOP (hereinafter "Defendant") and states as follows:

### JURISDICTION AND VENUE

1. This an action for damages and other relief for unlawful employment practices and jurisdiction of the Court is invoked pursuant to the provisions of the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1)-(4), and pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon t Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

4. Plaintiff says that all conditions precedent to the maintenance of t action have heretofore been performed or have been waived.

**PARTIES**

5. Plaintiff, at all times pertinent to this complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

6. During all times relevant to the Complaint, Plaintiff was employed by JC MACHINE as a Project Manager. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

7. Defendant is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, Defendant is a company engaged in interstate commerce and where they use goods transported across interstate lines.

10. Plaintiff's work for Defendant was actually in, or so closely related to the movement of commerce while she worked for Defendant that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. Plaintiff, as a project manager, was in charge of processing purchase orders, billing clients, utilizing telephones, processing payments.

11. At all times material to this Complaint, Defendant, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

12. Defendant upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years from the filing of this complaint and utilizes goods in the flow of commerce across state lines.

13. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO COUNT I ONLY

14. Plaintiff began working for Defendant in July 2019 as a project manager, a position she held until her separation of employment in March 2020.

15. Throughout Plaintiff's employment, Defendant has consistently hired men at a considerably higher rate than women, such that the salary structure has resulted in a substantial disparity between the male and female employees. Specifically, a disparity existed between Plaintiff and her equal male counterpart Rey Fandino.

16. At the time of her hire Plaintiff was offered a salary of $55,000 a year, an amount significantly below that of her male counterpart who received a salary of at least $90,000 a year.

17. Furthermore, starting on March 12, 2020, Defendant reclassified Plaintiff as an hourly employee and began to be compensated at $26.44 p/h.

18. Despite this reclassification, Plaintiff's job duties and title did not change. Mr. Fandino's compensation did not change.

19. The increased pay that Plaintiff's male counterpart Mr. Fandino received was not based on superior skills, effort, responsibility, or any other legitimate factor.

## GENERAL ALLEGATIONS RELATED TO REMAINING COUNTS

20. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

21. Though Plaintiff was titled as a Manager, she did not have any hiring or firing authority, could not set other employee's pay or discipline employees. Furthermore, she did not have independent decision making authority.

22. Throughout most of her employment, Plaintiff was misclassified as an exempt employee of Defendant and was not paid for her overtime. Specifically, from the date of hire through March 12, 2020 Plaintiff was compensated a salary regardless of the amount of hours she worked in a workweek.

23. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

24. From July 2019-March 12, 2020, Plaintiff worked from 7:30 AM to 4:00 PM, Monday through Friday each work week. In addition, Plaintiff would work some Saturdays. However, prior to March 12, 2020 Plaintiff was not compensated at her time and half rate for any of her hours over 40 in a work week.

25. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

26. Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

27. Plaintiff made a complaint regarding Defendant's failure to compensate her at the time and half rate for the overtime hours she worked while she was a salary employee. Specifically, on March 22, 2020, Plaintiff complained to the owner, Peter Amador via email.

28. On or about March 24, 2020, Plaintiff was terminated from her employment.

29. The temporal proximity of Plaintiff's complaint regarding the improper pay and her termination creates the presumption that Defendant retaliated against Plaintiff for attempting to exercise her rights under the law.

30. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

## COUNT I
## VIOLATION OF THE EQUAL PAY ACT

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

32. Plaintiff is female and held the title of Project Manager during her employment with Defendant.

33. Plaintiff's male counterpart, Rey Fandino, earned at least $40,000.00 more per year than Plaintiff for doing similar work and having been employed by Defendant for a similar amount of time.

34. Both Plaintiff and her male counterpart performed similar day-to-day tasks, reported to the same supervisor, employed similar skills/knowledge, etc.

35. Defendant does not have any legitimate, non-discriminatory reason to justify the discrepancy in pay between Plaintiff and her male counterpart.

36. Neither the Plaintiff, nor the similarly situated male employee was being compensated based on a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or any other differential based on any other factor than sex.

37. As a direct result of Defendant's conduct, Plaintiff has been harmed through a loss of wages and any incremental increases she would been paid had she been compensated the same as her male counterpart.

38. Plaintiff further seeks her attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against the Defendant:

    A. Adjudge and decree that Defendant has violated the EPA and FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for the minimum wages owed due to the unequal pay, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF FLSA/OVERTIME

39. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 and 20-30 of this complaint as if set out in full herein.

40. This action is brought by Plaintiff to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207, and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work

week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

41. Throughout most of Plaintiff's employment, Defendant has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times her regular rate.

42. Specifically, from the beginning of her employment through at least March 12, 2020, there were some workweeks where Plaintiff worked at least 48 hours.

43. Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

44. The Plaintiff was a project manager and was at all relevant times, covered by the FLSA.

45. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff did not have the authority to hire or fire employees and did not have independent decision making authority.

46. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

47. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

48. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

49. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

   B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

   C. Award Plaintiff an equal amount in double damages/liquidated damages; and

   D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

   E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## FLSA RETALIATION

51. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-13 and 20-30 of this complaint as if set out in full herein.

52. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified

or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

53. Plaintiff engaged in protected activity by complaining to Defendant regarding inconsistencies on her pay and requesting documentation connected to her pay.

54. Defendant knew of Plaintiff's complaint which was made in writing to Defendant's owner.

55. Defendant does not have a legitimate, non-retaliatory reason for terminating Plaintiff's employment as she had not been previously issued disciplinary action, or otherwise advised that her performance was less than satisfactory.

56. Even if Defendant did have a legal reason for termination, which they do not, Plaintiff's complaint was, at minimum, a motivating factor in Defendant's decision to terminate her employment.

57. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

58. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ROBIN VELEZ demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 7, 2022

                                    **PEREGONZA THE ATTORNEYS, PLLC**

1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com